IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VERNON W. SHIFLETT,

    Petitioner,                                 CASE NO. 2:11-CV-603
                                                    JUDGE SMITH
    v.                                            MAGISTRATE JUDGE ABEL

KELLY MILLER,

    Respondent.

## OPINION AND ORDER

On July 12, 2011, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. 4. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTE**D and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action as time-barred. Petitioner argues that the statute of limitations should not begin to run until December 29, 2010, when the Ohio Supreme Court dismissed his motion to withdraw guilty plea. He further asserts that any delay in pursuing his claims is the result of his *pro se* status and lack of access to the prison's law library. Petitioner appears to allege he is actually innocent of the charges against him and the victim of a manifest miscarriage of justice. *See Objections*.

Petitioner's arguments are not well-taken. His convictions are the result of his February 16,

2005, guilty plea. The statute of limitations began to run on March 18, 2005, when the time period expired to file a timely appeal, and expired one year later, on March 18, 2006. Petitioner waited more than five years later to file the instant habeas corpus petition. He waited years later, until September 28, 2009, to file his motion to withdraw guilty plea.

This Court is not persuaded by Petitioner's argument that the filing of his motion to withdraw guilty plea re-started the time table for the running of the statute of limitations merely because Ohio does not consider such a motion to be collateral in nature. As discussed by the Ohio District Court for the Northern District of Ohio, "[i]f the conviction did not become final until the highest state court denied a motion to withdraw a guilty plea, the one-year statute of limitations would be meaningless. A petitioner could indefinitely extend the time for seeking habeas relief merely by delaying his motion to file a motion to file a motion to withdraw his guilty plea." *Freeman v. Gansheimer*, 2010 WL 4568760, at 6 (N.D. Ohio Oct. 12, 2010)(quoting *Goodballet v. Mack*, 266 F.Supp.2d 702 (N.D. Ohio 2003)(rejecting the argument that a conviction does not become final until after resolution of a motion to withdraw guilty plea). The United States Court of Appeals for the Sixth Circuit, in *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001), has similarly concluded that the filing of a delayed appeal, which is a part of the direct appeal and can be filed at any time, does not serve to restart the running of the statute of limitations in habeas corpus proceedings:

> This is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. . . If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable

result.

*Id.*(quoting *Raynor v. Dufrain*, 28 F.Supp.2d 896, 898 (S.D.N.Y. 1998)).[1]

Moreover, neither a prisoner's *pro se* status, nor his limited access to the prison's law library constitutes grounds for equitable tolling of the statute of limitations, particularly for the time period at issue here. *See Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir.1999); *United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F.3d at 218.

> [W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]

*Johnson v. United States*, 544 U.S. 295, 311 (2005); *see also Rucker v. Bell*, 2008 WL 56025 (E.D.Tenn. January 3, 2008)(collecting cases holding that inadequate library or limited access to it do not constitute equitable tolling). Petitioner has failed to meet his burden of establish that he is entitled to equitable tolling of the statute of limitations. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th

---

[1] *But see Colwell v. Tanner,* 79 Fed.Appx. 89, unpublished, 2003 WL 22332003, at *3 (6th Cir. Oct. 9, 2003)(calculating the start date of the statute of limitations when Ohio court of appeals rejected the petitioner's motion to withdraw his guilty plea). This Court, however, is not bound by unpublished cases of the United States Court of Appeals. *Smith v. Astrue*, 639 F.Supp.2d 836, 841 (W.D. Mich. 2009)(citing *United States v. Flores*, 477 F.3d 431 (6th Cir. 2007).

Cir. 2002).

The record likewise fails to reflect that petitioner's actual innocence justifies equitable tolling of the statute of limitations.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005). Petitioner has failed to meet this standard here. He has failed to demonstrate equitable tolling of the statute of limitations is appropriate. *See Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons, and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and

4

**AFFIRMED.** This action is hereby **DISMISSED.**

    **IT IS SO ORDERED**.

                                          \s\ George C. Smith
                                          GEORGE C. SMITH
                                          United States District Judge